IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

v.

KEVIN A. CARR,

                Defendant.

OPINION and ORDER

19-cv-790-jdp

---

Pro se plaintiff and prisoner Dante Voss has filed a complaint in which he challenges the constitutionality of DAI Policy #309.51.01, which, according to Voss, governs the availability of "legal loans," which are funds for a prisoner's use in litigation. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. I conclude that Voss hasn't stated a claim upon which relief may be granted, but I will give him leave to file an amended complaint that provides additional information to support his claim that defendant Kevin Carr (the secretary of the Wisconsin Department of Corrections) has violated his right to have access to the courts.

ANALYSIS

A. Overview of the claims

Most of the allegations in the complaint relate to Voss's claim that DAI Policy #309.51.01 prevented him from filing a timely notice of claim for several state-law claims he wishes to file against prison staff, who are state employees. Specifically, Voss alleges that he needed a legal loan in September 2018 to serve a notice of claim by certified mail, as required by Wis. Stat. § 893.82, but his request for a legal loan was denied because he had already

reached his $50 limit for the year. So Voss sent his notice by First-Class Mail instead, which Voss says isn't sufficient under § 893.82(5). Voss says that he received a legal loan in January 2019, but by then his deadline for filing a notice of claim had passed, so it was too late to mail the notice again.

At the end of his complaint, Voss raises two other claims. First, he says that he has "already exhausted" his legal loan limit for 2019 and that "Defendant has refused to provide Plaintiff with further assistance to access the courts for civil matters." Dkt. 1, ¶¶ 32–33. Second, Voss he alleges that DAI Policy #309.51.01 is discriminatory because it reduces a prisoner's legal loan limit from $100 to $50 if the prisoner hasn't repaid legal loans from previous years. *Id.*, ¶ 41.

From these allegations, I understand Voss to be asserting three claims: (1) the refusal to give him funds for serving his notice of claim by certified mail violated his constitutional right to access the courts; (2) the refusal to give him additional funds for current litigation violates his right to access the courts; and (3) reducing his legal loan from $100 to $50 for his failure to repay legal loans from previous years violates his right to equal protection of the laws.

**B. Access to courts**

To succeed on an access-to-courts claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim about his criminal conviction, sentence, or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996). I will consider whether Voss has adequately alleged these elements as to his claims related to his alleged failure to comply with the notice of claim statute and his alleged inability to maintain current litigation.

1. **Notice of claim**

As discussed below, this claim raises multiple legal questions that are not resolved in this circuit. For the purpose of screening, I will assume that all of these questions should be resolved in Voss's favor. But I cannot allow Voss to proceed on this claim because he hasn't adequately alleged that he was barred from bringing a nonfrivolous claim.

   a. **Personal involvement**

An individual can't be sued for damages under the Constitution unless he was "personally involved" in the violation. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). The general rule is that an individual isn't personally involved unless he participated in the constitutional violation or knew about the particular conduct at issue and had the ability to stop it. *Id.*

In this case, Voss doesn't allege that defendant Carr personally denied a request for a legal loan. But a supervisory official may also be personally involved by "formulating and directing an unconstitutional policy." *Del Raine v. Williford*, 32 F.3d 1024, 1052 (7th Cir. 1994). Because Carr is the secretary of the Wisconsin Department of Corrections, it is reasonable to infer at this stage of the proceedings that Carr is responsible for DAI Policy #309.51.01.

   b. **Actual injury**

Voss doesn't say that a court dismissed his state-law claims for failing to properly serve a notice of claim. Rather, I understand him to be saying that he chose not to file a lawsuit because he believes it would be dismissed for his failure to comply with § 893.82.

Generally, a plaintiff bringing an access-to-courts claim hasn't been injured until a court dismisses the underlying claim that is the subject of the alleged interference. For example, this

court has held that "a plaintiff cannot bring a claim that destruction of evidence hindered his ability to prove another claim until he loses that other claim." *Reese v. Dittman*, No. 16-cv-303-bbc, 2017 WL 1076349, at *2 (W.D. Wis. Mar. 22, 2017). In other words, an access-to-courts claim "is not ripe until [the underlying claim] is resolved." *Id. See also Morales v. City of Los Angeles*, 214 F.3d 1151, 1155 (9th Cir. 2000) ("[D]enial-of-access-to-the-courts claims arising from alleged police misconduct . . . are not ripe until the trial court proceedings are concluded adversely to the plaintiffs."); *Parrish v. Solis*, No. 11-CV-01438, 2014 WL 1921154, at *13 (N.D. Cal. May 13, 2014) ("Plaintiff cannot allege the 'loss' of this claim at this point in time because litigation of that claim is still pending in this very Court. This leads to the conclusion . . . that his claim is premature and not ripe for adjudication."); *Lynch v. Barrett*, No. 09-cv-00405-JLK-MEH, 2010 WL 3938359, at *6 (D. Colo. Oct. 5, 2010) ("Plaintiff's injury is contingent on the success (or lack thereof) of his excessive force claim. . . . Plaintiff has yet to experience a concrete injury, or denial of meaningful relief, and therefore, his access-to-courts claim is unripe.").

Voss's claim is distinguishable from these other cases because Voss is not simply contending that the application of the legal loan policy has made it harder for him to win his state-law claims. Rather, he is contending that his state-law claims have no chance of success. He cites *Sorenson v. Batchelder*, 2016 WI 34, ¶¶ 24, 46, 368 Wis. 2d 140, 885 N.W.2d 362, in which the court held that a plaintiff's failure to serve a notice of claim by certified mail requires dismissal of the claim. Other cases have held that "[t]he requirements of [§ 893.82] cannot be waived." *Oney v. Schrauth*, 197 Wis. 2d 891, 904, 541 N.W.2d 229, 233 (Ct. App. 1995). These cases suggest that a state court would have no choice but to dismiss Voss's state-law claims for his failure to serve the notice of claim by certified mail.

4

I am persuaded at this stage of the proceedings that a prisoner is actually injured within the meaning of *Lewis* when conduct by the defendant forecloses any relief on the underlying claim. It would seem to make little sense to require a plaintiff to go through the effort and expense of filing a lawsuit that would be immediately dismissed under controlling precedent. So I will not dismiss this claim on the ground that Voss failed to allege an actual injury. But because the law on this question does not appear to be settled in this circuit, Carr remains free to raise the issue again if he believes he can make a persuasive argument to the contrary.

   c. **Scope of the right**

The next question is whether a prisoner's right to receive litigation assistance from the state extends to state-law claims such as those that Voss wanted to raise. In *Lewis*, 518 U.S. at 355, the Court stated: "the tools [the right to access the courts] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." At least one court has interpreted *Lewis* to mean that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

In this case, Voss's underlying claims are that prison staff disclosed his medical information without consent and opened confidential legal mail outside his presence. Dkt. 1, ¶ 16. He doesn't identify any legal theories he wishes to assert, and it seems unlikely that his allegations qualify as "civil rights" claims. But his allegations could fall within a broad understanding of "conditions of confinement" because they relate to conduct by prison staff at a prison. *Cf. Porter v. Nussle*, 534 U.S. 516, 532 (2002) (lawsuits are about "prison conditions"

if they are "about prison life, whether they involve general circumstances or particular episodes"). Again, I will not dismiss Voss's claim on this ground, but Carr is free to ask the court to revisit the issue.

### d. Right to receive legal loans

The Constitution guarantees prisoners a right to have "meaningful access to the courts." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). But the Court of Appeals for the Seventh Circuit has expressed skepticism of the view that the state must provide prisoners *financial* assistance to litigate a case. In the context of discussing Wisconsin's prison legal loan program, the court of appeals has twice stated that a prisoner "has no constitutional entitlement to subsidy to prosecute a civil suit." *Johnson v. Foster*, 786 F.3d 501, 506–07 (7th Cir. 2015); *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). This court has interpreted *Lindell* as standing for the proposition that "prisoners do not have a right to receive assistance from prison officials to file an unlimited number of lawsuits regardless of the cost," but did not disturb the holding in *Bounds v. Smith*, 430 U.S. 817, 825 (1977), that prison officials must provide prisoners the legal supplies necessary to litigate a case. *Ripp v. Nickel*, 838 F. Supp. 2d 861, 866 (W.D. Wis. 2012).

What these cases suggest is that the state isn't required to give a prisoner money to litigate a case, but it may be required to provide the prisoner with the materials necessary to litigate a case, including postage, if he cannot afford them himself. *Id.* at 864 (citing cases requiring states to provide postage to indigent prisoners). Because Voss is alleging that state law required him to send the notice of claim by certified mail and that he couldn't pay for certified mail himself, he has adequately alleged this element of his claim. But to prevail on the claim, Voss will have to show that he was truly indigent, that he needed state assistance despite

his best efforts to save his own funds, and that he was prioritizing his most important legal needs. *See Johnson,* 786 F.3d at 507–08 (a prisoner must "manage his funds in anticipation of a forthcoming important legal need"); *Lindell,* 352 F.3d at 1111 ("[L]ike any other civil litigant, [an inmate] must decide which of his legal actions is important enough to fund.").

### e. Nonfrivolous claim

The right of access to courts doesn't extend to frivolous claims, so to state a claim, "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *See Christopher,* 536 U.S. at 416. Voss hasn't satisfied that standard in this case because he hasn't provided enough information, either about the legal basis of his underlying claims or the facts supporting those claims. Voss says that prison staff "intentionally disclosed [his] medical information without authorization" and opened his correspondence with a state senator, the state public defender, and his criminal lawyer outside his presence. Dkt. 1, ¶ 16. But Voss doesn't explain what rights under state law he believes staff violated. And he provides few details about what staff did. He doesn't identify what medical information was disclosed, to whom it was disclosed, or why it was disclosed. And he doesn't say why he believes his correspondence was confidential, whether staff read his mail after they opened it, or, if they did, whether doing so prejudiced him in some way.

So I will dismiss this claim for Voss's failure to adequately allege that he was prevented from pursuing a nonfrivolous claim. But I will give Voss an opportunity to file an amended complaint that provides more information.

### 2. Current litigation

Voss also says that DAI Policy #309.51.01 is preventing him from litigating now. But Voss doesn't identify a particular lawsuit, describe the underlying claims, or explain how the policy is interfering with his litigation. Without that information, Voss cannot state a claim for a violation of his right to access the courts. *See Christopher*, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("Although fact pleading is unnecessary, a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." (internal quotations and citations omitted)). So I will dismiss this claim but give Voss an opportunity to file an amended complaint.

### C. Equal protection

Voss says that DAI Policy #309.51.01 discriminates against indigent prisoners because it reduces the annual legal loan limit from $100 to $50 if a prisoner fails to repay a legal loan from a previous year, in violation of the Equal Protection Clause. And he says that the effect of this aspect of DAI Policy #309.51.01 is aggravated because, under a separate policy, the Department of Corrections controls which debts are paid back first and the Department gives legal loans lower priority than other debts, making it more difficult to repay legal loans.

Voss isn't challenging the policies on the ground that they discriminate on the basis of race or another classification that is subject to heightened scrutiny, *see Flynn v. Thatcher,* 819 F.3d 990, 991 (7th Cir. 2016), so the question is whether the policies "bear[] a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). *See also*

8

*L.D.R. by Wagner v. Berryhill,* 920 F.3d 1146, 1153 (7th Cir. 2019) ("Rational basis scrutiny applies to equal protection discrimination claims on the basis of . . . wealth."). This standard of review "sets the legal bar low" and requires the plaintiff "to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013) (internal quotations omitted).

Voss's claim fails because prison officials have a legitimate interest in both encouraging prisoners to repay their debts and in prioritizing debts that they believe are more important, such as restitution or other debts to third parties. And the policies Voss is challenging are rationally related to those interests. Although Voss alleges in his complaint that the policies are irrational, that is a legal conclusion that I am not required to accept. *See McCauley v. City of Chicago,* 671 F.3d 611, 617–18 (7th Cir. 2011). So Voss hasn't stated a claim under the Equal Protection Clause. And because Voss can't fix the problems with this claim, I will not give him leave to replead it.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante Voss's claim under the Equal Protection Clause is DISMISSED with prejudice for Voss's failure to state a claim upon which relief may be granted.

2. Voss's access-to-courts claims are DISMISSED without prejudice. Voss may have until November 21, 2019, to file an amended complaint to provide the additional information discussed in this order.

3. If Voss fails to respond by then, I will dismiss the case for failure to state a claim and record a "strike" in accordance with 28 U.S.C. § 1915(g). *See Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of

prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

Entered November 7, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge